**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
DOUGLAS COHEN (SBN 1214)
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, Nevada 89169
Telephone:   (702) 341-5200
Facsimile:   (702) 341-5300
Email: dcohen@wrslawyers.com

**HOSSLEY EMBRY, LLP**
JEFFREY T. EMBRY (Pro Hac Admission Pending)
Texas State Bar No. 24002052
jeff@hossleyembry.com
MATT MONTGOMERY (Pro Hac Admission Pending)
Texas State Bar No. 24041509
matt@hossleyembry.com
MARGARET C. PENNELL (Pro Hac Admission Pending)
Texas State Bar No. 24116893
meg@hossleyembry.com
515 S. Vine Ave.
Tyler, Texas 75702
Ph.   903-526-1772
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD ROBKER, an individual, and SHANNON ROBKER, an individual<br><br>          Plaintiff,<br><br>    vs.<br><br>LASKO PRODUCTS, LLC, a Pennsylvania Limited Liability Company,<br><br>          Defendant. | Case No.<br><br>**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND** |

1.   Plaintiffs Ronald Robker and Shannon Robker bring the following claims against Lasko Products, LLC and, in support thereof, would respectfully show the Court as follows:

**PARTIES**

2.   Plaintiffs, Ronald Robker and Shannon Robker (collectively, "Plaintiffs") are residents of Las Vegas, Nevada, which is their true, fixed, and permanent home.

-1-
PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

3. Defendant Lasko Products, LLC ("Lasko") is a foreign company incorporated in the state of Pennsylvania with its principal place of business located at 820 Lincoln Avenue, West Chester, Pennsylvania 19380. For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *See GMAC Comm'l Credit LLC v. Dillard's Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Upon information and belief, none of Lasko's members reside in Nevada. Lasko Products, LLC is and, at all relevant times, was doing business in the State of Nevada by selling and distributing electric fans through a worldwide chain of distribution. This Defendant can be served via its registered agent for service in Nevada, C T Corporation System, 701 S. Carson St., Ste. 200, Carson City, NV 89701.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper and convenient in the District of Nevada because the subject incident occurred in Las Vegas, Nevada, within this District. Moreover, Plaintiffs reside in Las Vegas, Nevada, near to this District's courthouse. Plaintiffs' immediate family and all key witnesses to Mr. Robker's injuries and the impact of his injuries on his life also reside in or near to Las Vegas, Nevada, convenient to this District's courthouse. Mr. Robker received treatment at Southwest Medical Associates, University Medical Center of Southern Nevada, and Forte Family Practice as a result of his injuries. Southwest Medical Associates, University Medical Center of Southern Nevada, and Forte Family Practice are near to this Court in Las Vegas, Nevada. These treating medical providers will be important witnesses at the trial of this matter. Therefore, the residents of this District have a significant interest in the outcome of this case.

6. Defendant is subject to specific jurisdiction in this Court because it has purposefully availed itself of the privilege of doing business in Nevada by targeting the subject product for sale in Nevada, including within this District. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court,* 141 S. Ct. 1017 (2021). The subject product reached Nevada while in the stream of commerce and caused injury to Plaintiffs in Nevada. Defendant also engaged in a marketing and distribution campaign targeting citizens of Nevada and this District for advertisements promoting the sale and

use of the subject product in Nevada. Defendant, through the use of an orchestrated sales network, created a system for sales and other customer support in Nevada which further targeted Nevada as a market for the subject products. Through all of these activities, and other similar related activities, Defendant purposefully availed itself of the right to do business in Nevada. The subject claims arise from or relate to the Defendant's efforts to target Nevada. Specific jurisdiction is proper over the Defendant in Nevada.

**FACTS**

7. At all times relevant, Ronald Robker was married to Shannon Robker, and they were residents of 170 E. Robindale Rd., Las Vegas, Nevada 89123.

8. Ronald Robker and Shannon Robker owned a Desktop Wind Tower Fan, Model No. T14305, which was designed, assembled, and manufactured by Lasko Products, LLC. At all times relevant, the subject fan had not been altered and was in the condition it was in at the time it was sold.

9. On December 4, 2022, Plaintiffs were at home with their children, when their teenage son suddenly burst out of his room yelling that his room was on fire. Mr. Robker rushed into his son's room and discovered the subject Lasko fan was on fire. Mr. Robker attempted to extinguish the flames to no avail. Accordingly, Mr. Robker grabbed the fan, unplugged it, and began sprinting to the hallway bathroom in hopes of extinguishing the fire in the bathtub. However, as Mr. Robker was carrying the fan, melted plastic fell onto his left foot and severely burned him, causing him to fall in the hallway. The fire then spread further throughout the home, causing extensive damage to the Robker home. Mr. Robker was eventually able to extinguish the fire with the use of five separate fire extinguishers.

10. Ronald Robker sustained third degree burns to his foot and was diagnosed with Complex Regional Pain Syndrome as a result of the fire.

11. The December 4, 2022 fire was caused by an electrical failure and/or a defect in the Lasko Desktop Wind Tower Fan.

12. Lasko's manufacturing practices failed to comply with applicable standards, specifications, and good manufacturing practices. Lasko's manufacturing practices resulted in

unreasonably dangerous products, drastically increasing the likelihood that Plaintiff Ronald Robker would be injured by the result of an electrical failure in the subject fan.

13. Prior to the subject incident, Lasko was aware of the propensity of the subject fan's motor to catch fire and ignite the surrounding plastic components of the fan. Numerous such incidents were reported to Lasko prior to the subject occurrence. Lasko was also aware that the thermal cutoff utilized inside the fan motor was ineffective at preventing such fires. Moreover, Lasko knew that the subject model fan is often used in applications where it is operating around people and would create an extreme degree of risk of serious injury or death. Lasko was aware of the safety hazards of its products and was legally obligated to warn its customers of those hazards and to provide them warnings of the risk of fire in its products.

14. At all times herein mentioned, Lasko knew or should have known about the defect(s) in its products and the resulting risks but failed to take adequate corrective action to remedy the problems, resulting in injury to Plaintiffs.

15. Further, Lasko breached its duty to adequately warn and disclose to regulatory bodies, industry professionals, Plaintiffs, and other consumers the defective and dangerous nature of its product, which Lasko knew, or, in the exercise of ordinary care, should have known, at the time the product left Lasko's control.

16. By failing to disclose all information reasonably known to Lasko concerning the defective nature of the product, Lasko deprived consumers such as Plaintiff Ronald Robker of knowledge of pertinent safety information.

17. The above detailed acts and omissions by Lasko were despicable instances of conduct which Lasko engaged in with a conscious disregard for the rights or safety of others, like Plaintiffs and other consumers. Conscious disregard as used herein means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences. Lasko engaged in this conduct with the full knowledge of the hazards and risks to consumers but took no steps to protect the consumers, warn them of the dangers, or prevent their injuries.

## NEGLIGENCE CAUSE OF ACTION AGAINST LASKO PRODUCTS, LLC (FIRST CLAIM FOR RELIEF)

18. Plaintiffs adopt and re-allege each paragraph set forth above.

19. At all times relevant to this Complaint, Lasko owed a duty to assure that its products were free of defects and reasonably fit and suitable for their intended or foreseeable uses and conformed to regulated specifications.

20. At all times relevant to this Complaint, Lasko was negligent in designing, manufacturing, supplying, inspecting, testing, distributing, and selling its products by failing to use reasonable care in fulfilling its duty to avoid foreseeable dangers, and failing to use reasonable care in fulfilling its duty to adequately inform/warn users of potentially dangerous products of the risks involved in their use. Such measures, if implemented, would have mitigated, or eliminated the risk posed by any defect in Lasko's products and would have enabled consumers, including Mr. Robker, to avoid the risk of injury.

21. Lasko was negligent and failed to act as a reasonable, prudent manufacturer of consumer goods when it committed the following acts and/or omissions:

    a. decided to outsource manufacturing of fan motors to China without adequate design guidelines, manufacturing requirements, component part specifications, or quality control procedures;

    b. relaxed its quality control procedures with respect to surge testing for possible motor winding insulation flaws;

    c. failed to adequately monitor the manufacturing processes in China;

    d. failed to conduct adequate quality control verification in the United States;

    e. failed to implement safer alternative designs which would have prevented the subject fire hazard;

    f. failed to adequately investigate claims of fires associated with fans in a timely or complete manner, react appropriately, and inform Lasko customers, the general public, or the Consumer Product Safety Commission;

    g. failed to adequately notify the public concerning the existence of a defect in the subject model fan and failed to conduct an adequate recall campaign associated with the subject fan;

/ / /

    h.  negligently failed to warn the general public and Plaintiffs concerning dangers posed by the subject fan; and

    i.  negligently designed the subject fan.

22. As a direct and proximate result of Lasko's negligent conduct, Mr. Robker used Lasko's products without adequate warning and without knowledge of the dangers associated therewith. Lasko knew or should have known in the exercise of reasonable care that its products were in a dangerous condition and/or not reasonably fit or suitable for their intended or foreseeable purpose uses but would be utilized by consumers like Mr. Robker regardless of Lasko's knowledge.

23. As a direct and proximate result of the negligent conduct of Lasko, Mr. Robker's use of the subject fan caused severe and permanent injury to Plaintiff including, but not limited to, third degree burns and complex regional pain syndrome of the lower extremity.

24. As a foreseeable, direct, and proximate result of Lasko's negligence, Plaintiffs were injured, with Plaintiff Ronald Robker suffering bodily injury and harm, and both Plaintiffs sustaining damages compensable under Nevada law.

25. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker suffered, and continues to suffer, permanent injuries to his person, body and health, including, but not limited to, severe nerve damage and the mental and emotional distress attendant thereto, from the defective fan, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

26. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiffs have incurred property loss to their home.

27. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker has incurred costs for his medical care. He is further continuing to incur medical care expense and will, in all reasonable probability, incur in the future medical expenses for hospitalizations, surgeries, treatments, physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount of future value being unknown to Plaintiffs at this time.

/ / /

1    28.    As a further direct and proximate result of the aforesaid negligent conduct of Lasko, Mr. Robker has suffered lost wages and a loss of earning capacity and other pecuniary losses.

29.    As a further direct and proximate result of said negligent conduct of Lasko, Plaintiffs were required to retain the undersigned legal counsel and are, therefore, entitled to reasonable attorney's fees and the costs of suit incurred in this action.

30.    Finally, as a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Shannon Robker suffered and will continue to suffer a loss of society, comfort, companionship and consortium due to the physical injuries her husband suffered, is suffering, and will continue to suffer in the future.

31.    In carrying out its responsibility for the design, manufacture, testing, labeling, distribution, marketing, and sale of its products, Lasko acted with fraud, malice, express or implied, oppression and/or conscious disregard of the safety of others. Officers, directors, or managing agents of the company expressly authorized, directed, or ratified its employees' punitive conduct on behalf of the company. As a direct and proximate result of the conduct of Lasko, which were despicable instances of conduct in which Lasko acted with a conscious disregard for the rights or safety of others, like Plaintiffs, Plaintiffs are entitled to punitive damages.

32.    Lasko Products, LLC's negligent acts and/or omissions were a proximate cause of the damages alleged herein.

**STRICT PRODUCT LIABILITY – UNREASONABLY DANGEROUS
AGAINST LASKO PRODUCTS, LLC (SECOND CLAIM FOR RELIEF)**

33.    Plaintiffs adopt and re-allege each paragraph set forth above.

34.    At all times relevant to this Complaint, Lasko's products are defective and unreasonably dangerous because it was prone to catch fire without warning and during ordinary and foreseeable use.

35.    Lasko's products are more dangerous than would be contemplated by the ordinary user having ordinary knowledge available in the community given the elevated risk of electrical failure in Lasko's products.

/ / /

36. Plaintiff Ronald Robker was injured by the failure of the subject fan through the expected use of the product as was intended by Lasko.

37. Safer alternative ingredients, materials, or designs were available to Lasko at all relevant times. However, Lasko chose not to implement such options. The product was used in a manner which was reasonably foreseeable to Lasko.

38. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker has suffered substantial adverse health consequences, such as his complex regional pain syndrome of the lower extremity.

39. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiffs have incurred property loss to their home.

40. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker has now undergone treatment for his complex regional pain syndrome. Further, Plaintiff Ronald Robker will incur significant future medical treatment.

41. As a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker has suffered lost wages and a loss of earning capacity and other pecuniary losses.

42. As a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiffs were required to retain the undersigned legal counsel and are, therefore, entitled to reasonable attorney's fees and the costs of suit incurred in this action.

43. Finally, as a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Shannon Robker suffered and will continue to suffer a loss of society, comfort, companionship and consortium due to the physical injuries her husband suffered, is suffering, and will continue to suffer in the future.

44. In carrying out its responsibility for the design, manufacture, testing, labeling, distribution, marketing, and sale of its products, Lasko acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. Officers, directors, or managing agents of the company expressly authorized, directed or ratified its employees' punitive conduct on behalf of the company. As a direct and proximate result of the conduct of Lasko, which were

despicable instances of conduct in which Lasko acted with a conscious disregard for the rights or safety of others, like Plaintiffs, Plaintiffs are entitled to punitive damages.

45. Lasko Products, LLC's negligent acts and/or omissions were a proximate cause of the damages alleged herein.

**STRICT LIABILITY – FAILURE TO WARN AGAINST LASKO PRODUCTS, LLC (THIRD CLAIM FOR RELIEF)**

46. Plaintiffs adopt and re-allege each paragraph set forth above.

47. The subject fan Lasko designed, manufactured, produced, sold, and distributed to Plaintiff was defective because it lacked warnings adequate to apprise Plaintiffs of its electrical hazards, causing serious injury to Mr. Robker.

48. If adequately warned by Lasko, Mr. Robker would have taken precautions to avoid his use of the fan and his resulting injury. However, he was not warned and was subsequently injured.

49. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Mr. Robker has suffered substantial adverse health consequences, such as his complex regional pain syndrome to the lower extremity.

50. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiffs have incurred property loss to their home.

51. As a direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker has now undergone treatment for his complex regional pain syndrome. Further, Plaintiff Ronald Robker will incur significant future medical treatment.

52. As a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Ronald Robker has suffered lost wages and a loss of earning capacity and other pecuniary losses.

53. As a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiffs were required to retain the undersigned legal counsel and are, therefore, entitled to reasonable attorney's fees and the costs of suit incurred in this action.

///

54. Finally, as a further direct and proximate result of the aforesaid negligent conduct of Lasko, Plaintiff Shannon Robker suffered and will continue to suffer a loss of society, comfort, companionship and consortium due to the physical injuries her husband suffered, is suffering, and will continue to suffer in the future.

55. In carrying out its responsibility for the design, manufacture, testing, labeling, distribution, marketing, and sale of its products, Lasko acted with fraud, malice, express or implied, oppression, and/or conscious disregard of the safety of others. Officers, directors, or managing agents of the company expressly authorized, directed, or ratified its employees' punitive conduct on behalf of the company. As a direct and proximate result of the conduct of Lasko, which were despicable instances of conduct in which Lasko acted with a conscious disregard for the rights or safety of others, like Plaintiffs, Plaintiffs are entitled to punitive damages.

56. Further, Defendant, by and through its employees and agents, had actual, subjective awareness of the risks to users but proceeded with conscious indifference to the rights, safety, or welfare of such users, including Plaintiffs.

57. Lasko Products, LLC's negligent acts and/or omissions were a proximate cause of the damages alleged herein.

## DAMAGES

58. Plaintiffs adopt and re-allege each paragraph set forth above as if fully set forth herein.

59. As a direct and proximate result of the conduct of Lasko, Mr. Robker was caused to suffer the following:

    a. Reasonable medical care and expenses in the past. These expenses were paid or incurred by Mr. Robker for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Reasonable and necessary medical care and expenses which will in all reasonable probability be paid or incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering in the future;

1        e.     Mental anguish in the past;

2        f.     Mental anguish in the future;

3        g.     Disfigurement in the past;

4        h.     Disfigurement in the future;

5        i.     Lost wages;

6        j.     Loss of earning capacity;

7        k.     Loss of consortium;

8        l.     Loss of household services;

9        m.     Property damage to his home;

10        n.     Physical impairment in the past;

11        o.     Physical impairment in the future; and

12        p.     Pecuniary damages.

13    60.    As a direct and proximate result of the occurrence made the basis of this suit, Mrs. Robker was caused to suffer in the past and, in reasonable probability, will sustain in the future loss of consortium and loss of household services.

16    61.    Plaintiffs seek exemplary damages against Lasko

17    **CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST**

18    62.    Plaintiffs herein claim interest at the maximum legal rate.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

-11-
PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**JURY DEMAND AND PRAYER**

63. Plaintiffs request that a jury be convened to try the factual issues of this case.

64. Plaintiffs pray that judgment be entered in their favor against Defendant for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, reasonable attorneys' fees, punitive damages, and for such other relief, at law or in equity, to which they may be justly entitled.

March 3, 2025

          WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By  */s/ Douglas Cohen*
DOUGLAS COHEN (SBN 1214)
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, Nevada 89169
Tel. (702) 341-5200
dcohen@wrslawyers.com

- AND-

HOSSLEY EMBRY, LLP

By  */s/ Jeffrey T. Embry*
Jeffrey T. Embry (Pro Hac Admission Pending)
Texas State Bar No. 24002052
jeff@hossleyembry.com
Matt Montgomery (Pro Hac Admission Pending)
Texas State Bar No. 24041509
matt@hossleyembry.com
Margaret C. Pennell (Pro Hac Admission Pending)
Texas State Bar No. 24116893
meg@hossleyembry.com
515 S. Vine Ave.
Tyler, Texas 75702
Ph.  903-526-1772

*Attorneys for Plaintiffs*