**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD ROBKER, an individual, and SHANNON ROBKER, an individual<br><br>      Plaintiff,<br><br>   vs.<br><br>LASKO PRODUCTS, LLC, a Pennsylvania Limited Liability Company,<br><br>      Defendant. | Case No. 2:25-cv-00385<br><br>**Order Granting Plaintiffs' Unopposed Motion for Leave to File** |

**PLAINTIFFS' AGREED MOTION FOR LEAVE TO FILE**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Ronald Robker and Shannon Robker file this Motion for Leave to file Plaintiffs' First Amended Complaint and would respectfully show the Court as follows:

**I.**
**INTRODUCTION**

Plaintiffs seek leave to file a First Amended Complaint to conform the pleadings to evidence obtained through discovery. Although the deadline for amendments set by the Court's Scheduling

Order expired on January 28, 2026, Plaintiffs' failure to meet that deadline was the result of circumstances beyond counsel's control—specifically, a winter storm in the Dallas-Fort Worth area that forced counsel's office to close through and beyond the deadline. Plaintiffs do not seek amendment for purposes of delay, and Defendant will not suffer undue prejudice if leave is granted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading at any time before trial with leave of Court, and leave should be freely given when justice so requires. This liberal standard "reflects the basic policy that pleadings should enable a claim to be heard on its merits." *See*, *e.g.*, *Foman v. Davis,* 371 U.S. 178, 181-82 (1962). Where a scheduling order deadline has passed, Rule 16(b)(4) governs, requiring a showing of good cause. Good cause exists where a party demonstrates diligence and that the failure to comply with the deadline resulted from circumstances outside the party's control. Courts routinely grant leave to amend when the amendment is sought in good faith, is based on newly discovered evidence, and does not unduly prejudice the opposing party.

## III.
## ARGUMENT AND AUTHORITIES

Plaintiffs acted diligently in seeking amendment. The proposed amendments are based on information and evidence obtained during discovery that clarify and refine Plaintiffs' claims. The amendment does not assert claims for improper purposes, nor does it seek to prolong these proceedings.

The missed deadline was caused by extraordinary weather conditions. During the week of January 28, 2026, a winter storm significantly disrupted operations throughout the Dallas-Fort Worth area, including closure of counsel's office and related business interruptions. As a result, Plaintiffs were unable to finalize and file the amended complaint before the Court's deadline. Once normal operations resumed, Plaintiffs promptly prepared this motion. These circumstances constitute good cause under Rule 16(b)(4).

Granting leave to amend will not unduly prejudice Defendant. Discovery remains ongoing,

and the proposed amendments do not fundamentally alter the nature of the case. Any additional discovery necessitated by the amendment can be addressed within the existing schedule or through reasonable adjustments, if necessary.

Plaintiffs do not seek amendment for purposes of delay or tactical advantage. Rather, the proposed amendment serves the interests of justice by ensuring that the pleadings accurately reflect the evidence developed in discovery and that the case is resolved on its merits.

**IV.**
**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the First Amended Complaint, attached hereto as Exhibit A.

Plaintiffs must promptly file and serve the first amended complaint.

**IT IS SO ORDERED**
Dated: February 4, 2026
.
.
.
_____
Nancy J. Koppe
United States Magistrate Judge