# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ronald Robker, et al,

    Plaintiffs,

v.

Lasko Products, LLC,

    Defendant.

Case No.: 2:25-cv-00385-GMN-NJK

**Order**

Pending before the Court is Defendant's motion for spoliation sanctions.  Docket No. 32. The Court has considered Defendant's motion, Plaintiffs' response, and Defendant's reply.  Docket Nos. 32, 35, 40.

Spoliation of evidence is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).  A party spoliates evidence as a matter of law only if the party destroyed the evidence after having some notice that the evidence was potentially relevant to anticipated litigation.  *Id.*  Therefore, a party's duty to preserve evidence begins when the party reasonably should have known that the evidence is relevant to anticipated litigation.  *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

There are two sources of authority under which the Court can sanction a party for spoliation of evidence - its inherent authority or Rule 37.  *Leon v. IDX Systems Corp.,* 464 F.3d 951, 958 (9th Cir. 2006).  A federal court applies federal law when addressing issues of spoliation of evidence. *See Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir.1993) (applying federal law when addressing spoliation in diversity litigation).  *See also Demena v. Smith's Food & Drug Centers, Inc.*, at *1 (D. Nev. Sept. 10, 2012); *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (in

federal court, federal law of spoliation applies because "the power to sanction for spoliation derives from the inherent power of the court, not substantive law").

The party requesting spoliation sanctions bears the burden of establishing the elements of a spoliation claim. *Asfaw v. Wal-Mart Stores, Inc.*, 2021 WL 2006283, at *1 (D. Nev. May 19, 2021) (citing *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013)). The threshold inquiry is whether evidence was altered or destroyed. *Lemus v. Olaveson*, 2015 WL 995378, at *9 (D. Nev. Mar. 5, 2015).

If a court finds spoliation of physical evidence and, thus, exercises its inherent authority, the court "should choose the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Martin v. Smith's Food & Drug Centers, Inc.*, 2024 WL 3084737, at *4 (D. Nev. June 20, 2024). The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct "which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991).

Dismissal is a "harsh sanction," to be imposed only in particularly egregious situations where "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon,* 464 F.3d at 958 (internal citations omitted). Dismissal sanctions should not be imposed unless there is clear and convincing evidence of both bad-faith spoliation and prejudice to the opposing party. *Shepherd v. ABC,* 62 F.3d 1469, 1472, 1477 (D.C.Cir.1995) (noting that dismissal requires proof by clear and convincing evidence); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 167 F.R.D. 90, 108 (D.Colo.1996) (requiring clear and convincing evidence because "[t]o do otherwise would be to contravene the strong public policy which favors adjudication of cases on their merits").

The Court has "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover,* 6 F.3d at 1329. Such broad power includes permitting an adverse inference from the spoliation of relevant evidence against the spoliating party. *Id.* The Ninth Circuit has explained that the adverse inference sanction is based on evidentiary and policy rationales that seek to deter a party who has notice of an item's

relevance to litigation from destroying it. *See Akiona v. United States,* 938 F.2d 158, 161 (9th Cir. 1991). A finding of bad faith is not a prerequisite for an adverse inference. *See Glover,* 6 F.3d at 1329.

Here, neither party identifies the basis for Defendant's sanctions request; instead, both parties rely on state law, rather than federal law, for the initial determination of whether spoliation occurred. Further, neither side clearly identifies what sanctions are available for the Court to issue under which authority or analyzes the applicability of those sanctions. Rather, Defendant solely argues for case-ending sanctions and mentions an adverse inference but fails to meaningfully develop the adverse inference request with points and authorities.[1] Courts do not address arguments that are not meaningfully developed. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Accordingly, the Court **DENIES** without prejudice Defendant's spoliation motion. Docket No. 32. Any renewed motion must be filed no later than July 16, 2026, and must fully address the proper spoliation standards, including all possible sanctions, and analyze how they apply to the facts of this case.

IT IS SO ORDERED.

Dated: July 2, 2026.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Instead, Defendant merely states: "[i]f the Court does not dismiss the case but rather finds that the adverse inferences Lasko proposes are appropriate, those adverse inferences should be considered in connection with Lasko's summary judgment motion." Docket No. 32 at 13.